IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK L. CEDERBORG, Successor Trustee of the Testamentary Trusts under the Will of Saleem H. Totah,<br><br>   Plaintiff,<br><br>   v.<br><br>RAYMOND S. TOTAH, et al.,<br><br>   Defendants. | No. C-10-5842 MMC<br><br>**ORDER DIRECTING PARTIES TO SHOW CAUSE WHY COURT SHOULD NOT ENTER JUDGMENT DISMISSING CLAIMS AGAINST UNITED STATES AND REMANDING REMAINING CLAIMS** |

   Before the Court is plaintiff Mark L. Cederborg's Complaint to Quiet Title, filed in state court on December 10, 2010, and removed to district court on December 22, 2010. Also before the Court is the United States of America's Notice of Disclaimer, filed February 4, 2011. Having read and considered the above-described filings,[1] the Court will direct the parties to show cause why (1) judgment should not be entered dismissing the claims against the United States and (2) the remaining claims should not be remanded to state court.

   In his complaint, plaintiff seeks to quiet title to three parcels of real property owned by plaintiff in San Francisco, California. According to the complaint, each defendant claims "some right, title, estate, lien, or interest" in each of the subject properties. (See Compl.

---

[1] The matter was reassigned to the undersigned on February 17, 2011.

¶¶ 11, 15.) For example, exhibits attached to the complaint indicate that the United States, on June 11, 2009, recorded a tax lien against each of the subject properties. (See Compl. Ex. F at 5, Ex. G. at 6, Ex. H. at 6.)

On December 22, 2010, the United States of America, sued herein as the Internal Revenue Service, removed the above-titled action. See 28 U.S.C. § 2410 (providing district court has jurisdiction over action to quiet title to real property in which United States has lien); 28 U.S.C. § 1444 (providing United States may remove action brought under § 2410). Thereafter, on February 4, 2011, the United States filed a Notice of Disclaimer, in which it states it "disclaims any interest in the proceedings of [the instant case]" and "claims no interest in the property or in the compensation that may be awarded." (See Notice of Disclaimer 1:19-21.) In short, the Notice of Disclaimer wholly resolves the only federal issues presented herein.

Under such circumstances, the parties are hereby ORDERED TO SHOW CAUSE, in writing and no later than March 21, 2011, why the Court should not (1) enter judgment dismissing plaintiff's claims against the United States, and (2) remand the remaining claims to state court, given the early stage of the proceedings and there appearing to be no considerations weighing against remand. See, e.g., Financial Freedom Acquisition, LLC v. Unknown Successor Trustee, 2011 WL 572516, *1 (S.D. Ill. 2011) (holding, where United States filed "disclaimer" of "rights in [the subject] property" in removed foreclosure action, entry of judgment dismissing claims against United States was proper; remanding remaining claims to state court).

**IT IS SO ORDERED.**

Dated: March 3, 2011

MAXINE M. CHESNEY
United States District Judge